IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMSHED RAHMATOV | : | |
| | : | |
| Petitioner, | : | 3:26-cv-2343 |
| | : | (JUDGE MARIANI) |
| v. | : | |
| | : | |
| CRAIG LOWE, WARDEN, PIKE COUNTY CORRECTIONAL FACILITY | : | |
| Respondent. | : | |

**MEMORANDUM OPINION**

## I. BACKGROUND

Petitioner Jamshed Rahmatov ("Petitioner"), a citizen of Uzbekistan residing in the United States since January 2021, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner is detained within the Middle District of Pennsylvania and names as Respondent Craig Lowe, Warden of the Pike County Correctional Facility.

On March 26, 2026, the Court granted Petitioner's first habeas petition in part. *Rahmatov v. Lowe*, 2026 WL 837974 (M.D. Pa. Mar. 26, 2026). Applying the four-factor test set forth in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020), the Court found that Petitioner's detention under 8 U.S.C. § 1226(c) had become unreasonably prolonged. *See Rahmatov*, 2026 WL 837974, *2-3. As a habeas remedy, the Court ordered Respondent to provide Petitioner with a prompt individualized

bond hearing before an Immigration Judge ("IJ"). *Id.* at *3. At the hearing, Respondent had the burden to prove, by clear and convincing evidence, that Petitioner presented a danger to the community or a flight risk if released. Shortly thereafter, an IJ denied bond after appearing to find that Respondent proved—by clear and convincing evidence—that Petitioner presents a danger to the community if released.

The Court has already outlined Petitioner's criminal and immigration history before. *Id.* at *1-2. In short, Petitioner entered the United States in 2021 without being admitted or paroled. (Doc. 8-3 at 2). On February 8, 2022, Petitioner was arrested by the Federal Bureau of Investigation and charged with Hobbs Act extortion and money laundering.[1] In November 2022, Petitioner pled guilty in the Southern District of New York and was sentenced to 66 months in prison. (*Id.*).

On October 14, 2025, an IJ ordered Petitioner removed to Uzbekistan. (Doc. 8-4). Petitioner appealed his removal order to the BIA, where it remains pending. (Doc. 8-5). Accordingly, Petitioner's removal order is not final. On October 16, 2025, following the completion of his criminal sentence, ICE transferred Petitioner to the Pike County Correctional Facility where he remains detained to date.

---

1 According to documents supplied by Respondent, Petitioner's criminal conduct underlying his charges included acts of violence. (Doc. 8-2 at 6) ("A reading of the criminal complaint alleges RAHMATOV attempted to launder $200,000 dollars of proceeds that were fraudulently obtained thru Medicare transactions. Additionally, the complaint details an incident where RAHMATOV attempted to stab an unknown victim with a box cutter and attempt[ed] to hit the unknown victim with a baseball bat, causing the victim to end up in the hospital. The assault is connected to the money laundering scheme.").

Petitioner again challenges his prolonged immigration detention and contends his nearly eleven-month detention under Section 1226(c) violates the Fifth Amendment's Due Process Clause. (Doc. 1 at 7). He also pursues a claim based on Respondent's "violation of bond regulations," alleging:

> I applied to Habeas Corpus to the Middle District of Pennsylvania and was granted a bond hearing. During this hearing, I was denied bond by the immigration judge based on the claim by DHS and I have a pending appeal with BIA. My lawyer, in a futile effort, presented all the evidence requested by the judge and suggested that based on those solid evidences the court should consider my release even with the ramification of a higher bond but I was denied.

(*Id.* at 7).[2]

Respondent opposes the petition, noting that no party disputes that Petitioner is mandatorily detained without bond pursuant to 8 U.S.C. § 1226(c). (Doc. 8 at 6). Moreover, Respondent assert that Petitioner's due process claims fail, as he "was granted a bond hearing by this Court only five months ago." (*Id.* at 7). "Other than the passage of time, nothing about the reasons or conditions of his detention has changed." (*Id.*). Petitioner did not file a traverse.

---

2 Because Petitioner is *pro se*, the Court will construe the petition to allege a due process violation based on the IJ's failure to comply with the Court's order and hold Respondent to a "clear and convincing" evidentiary standard. In addition, Petitioner seeks habeas relief alleging that the conditions of his confinement as Pike County Correctional Facility violate the Constitution. (Doc. 1 at 8) ("My prolonged detention has placed a significant financial burden on my family, as I was the primary source of income. As a result, my wife has been forced to take on those responsibilities despite her existing medical conditions. I am currently being held in a county jail . . . for almost 10 months without any injunctive relief. Living under these conditions makes me feel unsafe and concerned for my well-being.").

## II. STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

## III. ANALYSIS

No party disputes that Petitioner is properly detained under 8 U.S.C. § 1226(c) and received a bond hearing approximately five months after the Court found his mandatory detention without bond had become unreasonably prolonged. *Rahmatov*, 2026 WL 837974, *2-3. Because the Court agrees with Respondent that nothing has changed in the interim five months, other than the duration of his detention, the Court will deny the petition.

"8 U.S.C. § 1226(c) requires the Government to detain immigrants with certain criminal convictions pending removal without bond hearings." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433 (3d Cir. 2026). In *Jennings*, the Supreme Court held that "§ 1226(c) does not on its face limit the length of the detention it authorizes." *Jennings v. Rodriguez*, 583 U.S. 218, 303, 138 S.Ct. 830 (2018). But as applied constitutional challenges to prolonged immigration detention, like those advanced here, are recognized by the United States Court of Appeals for the Third Circuit. *German Santos*, 965 F.3d 203,

To determine whether prolonged detention is unreasonable, a "highly-specific-fact inquiry," this Court must consider "a nonexhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable." *German Santos*, 965 F.3d at 210-11. "The most important factor is the duration of detention." *Id.* at 211. The Court must also consider: (1) whether the detention is likely to continue; (2) reasons for the delay, such as a detainee's request for continuances; and (3) "whether the alien's conditions of confinement are meaningfully different from criminal punishment." *Id.* If a noncitizen's "civil detention under § 1226(c) looks penal, that tilts the scales toward finding the detention unreasonable." *Id* (citations omitted). "And as the length of detention grows, so does the weight that we give this factor." *Id.*

**Duration of Detention**

"There is no presumption of reasonableness or unreasonableness of any duration." *German Santos*, 965 F.3d at 211. The Third Circuit has declined to impose a *per se* rule that any detention longer than a specific duration is unreasonable. However, the Third Circuit finds that, "detention becomes more and more suspect after five months." *Id.* at 211.

Petitioner has been detained by Respondent since October 16, 2025, and had a bond hearing five months ago. (Doc. 1 at 2). Under these circumstances, the Court finds that the duration of civil immigration detention weighs against relief.

**Likelihood of Detention**

Petitioner has established he is likely to stay detained for some time. Petitioner's appeal of the IJ's removal order is currently pending before the BIA. *See German Santos*, 965 F.3d at 212 ("This means he will stay in prison as long as it takes the Board to issue its decision."). However, because Petitioner is mandatorily detained and had a bond hearing five months ago, the Court finds the second *German Santos* factor neutral

**Reasons for the Delay**

The Court finds no party is responsible for any delay. Accordingly, this factor is neutral.

**Conditions of Confinement**

The Court next finds that Petitioner's civil immigration detention at the Pike County Correctional Facility "is indistinguishable from criminal punishment." *German Santos*, 965

F.3d at 213 (holding that conditions at Pike County Correctional Facility were indistinguishable from criminal punishment).

Weighing the *German Santos* factors, the Court declines to again find that the duration Petitioner's civil immigration detention under 8 U.S.C. § 1226(c) has become unreasonable. The Court has carefully considered all remaining claims alleged in the petition and finds them to without merit.[3] Accordingly, the petition will be denied.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be denied. A separate Order follows.

Robert D. Mariani
United States District Judge

[3] Petitioner's claim alleging Respondent's "violation of bond regulations," fails because the Court cannot reasonably infer a constitutional violation on the meager facts alleged. (Doc. 1 at 7) ("My lawyer, in a futile effort, presented all the evidence requested by the judge and suggested that based on those solid evidences the court should consider my release even with the ramification of a higher bond but I was denied."). To the extent Petitioner argues he is not a danger to the community, the Court lacks jurisdiction to review the discretionary determinations of the IJ. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). In addition, Petitioner's conditions of confinement challenges fail because he fails to allege any facts from which the Court could reasonably infer the type of "extreme circumstances" warranting habeas relief. *Hope v. Warden York Cnty. Prison*, 972 F.3d 310 (3d Cir. 2020).